UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID SIMMONS,               :
                             :
    Plaintiff,                :
                             :
V.                           : CASE NO. 3:04-CV-2180 (RNC)
                             :
THERESA LANTZ, et al.,        :
                             :
    Defendants.               :

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against employees of the Department of Correction alleging violations of his federal rights. Defendants have filed a motion to dismiss and plaintiff has filed a motion for leave to file a third amended complaint. For the reasons that follow, the motion for leave to amend is granted and the motion to dismiss is granted in part and denied in part.

I. Motion for Leave to Amend [Doc. # 28]

The plaintiff seeks leave to file a third amended complaint to identify defendant "Nurse Scott" as Nurse L. Sklarz. Leave to amend a complaint is "freely given when justice so requires." Fed. R. Civ. P. 15(a). Under this rule, leave is freely given in the absence of undue delay or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962).

The proposed amendment does not add or modify any factual

allegations in the complaint. Instead, it seeks to clarify the identity of one of the defendants, "Nurse Scott." The proposed amendment will not delay the litigation or prejudice the defendants, and there is no evidence that it is made in bad faith. The motion is therefore granted.

II. Motion to Dismiss [Doc. #20]

The following allegations in the second amended complaint are assumed to be true for present purposes.[1] In November 2004, and again in February 2005, Dr. Pilli and Nurse Sklarz placed the plaintiff in an observation room because he refused to take a shot of Insulin. This was done despite plaintiff's repeated statements that he suffered strong adverse effects from Insulin. In each instance, he was held in the observation room against his will for seven to ten days, and deprived of food for three days.

On April 10, 2005, Lieutenant Atkins placed the plaintiff in segregation after he complained about Nurse Sklarz. Later that day, Correctional Officer Chevalier confiscated some items of plaintiff's personal property. Commissioner Lantz and Warden Strange ignored plaintiff's requests for the return of his property, and Officer Chevalier subsequently gave the plaintiff a false disciplinary report. Plaintiff was then transferred to

---

[1] Because plaintiff's motion for leave to amend has been granted, the second amended complaint's allegations regarding Nurse Scott are construed as referring to Nurse Sklarz.

2

another facility, ostensibly on the basis of Chevalier's disciplinary report, which Lantz and Strange knew to be false.

On being transferred, plaintiff was placed in a cell with another inmate. Between May 16 and June 8, 2005, he complained to Captain Frey on three occasions that he felt unsafe with his cellmate. On June 8, plaintiff's cellmate assaulted him, causing injuries to plaintiff's face, left thumb, left ankle and torso.

Based on these allegations, plaintiff claims that the defendants are liable to him for: (1) deprivation of property under the Fourteenth Amendment; (2) unlawful seizure under the Fourth Amendment; (3) violation of his right to refuse medical treatment under the Fourteenth Amendment; (4) retaliation under the First and Fourteenth Amendment; and (5) failure to protect under the Eighth Amendment.[2]

The defendants move to dismiss on the following grounds: (1) the Eleventh Amendment bars claims for money damages against the defendants in their official capacities; (2) the plaintiff has failed to state a claim upon which relief may be granted; (3) the plaintiff has failed to allege personal involvement on the part of defendants of Antico, Lantz and Strange; and (4) the

---

[2] Generously construed to state all claims that they suggest, plaintiff's allegations also appear to be sufficient to state a claim for deprivation of food under the Eighth Amendment. See Phelps v. Kapnolas, 308 F.3d 180, 185-86 (2d Cir. 2002).

defendants are shielded from liability by qualified immunity.

A. <u>Eleventh Amendment</u>

The Eleventh Amendment prohibits suits for money damages against states or state actors in their official capacities. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity, <u>see</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979), and Connecticut has not otherwise waived its immunity to this suit. Accordingly, the motion to dismiss is granted as to the claims for money damages against the defendants in their official capacities.

B. <u>Legal Sufficiency</u>

1. <u>Deprivation of Property</u>

The motion to dismiss is granted as to the property claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). Connecticut provides an adequate remedy for the kind of deprivation the plaintiff describes, <u>see</u> Conn. Gen. Stat. § 4-141 <u>et</u> <u>seq</u>. (2007), and plaintiff does not claim that this remedy is unavailable to him.

## 2. Unlawful Seizure and Unwanted Medical Treatment

The motion to dismiss the claims relating to plaintiff's placement in observation after he refused to take Insulin are denied. The Fourth Amendment protects an individual from involuntary transfer to and confinement in a medical facility unless he is dangerous to himself or others. See Green v. City of New York, 465 F.3d 65, 83 (2d Cir. 2006); Glass v. Mayas, 984 F.2d 55, 58 (2d Cir. 1993). And a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment, which survives incarceration. See Washington v. Harper, 494 U.S. 210, 221-22 (1990); Pabon v. Wright, 459 F.3d 241, 249 (2d Cir. 2006). Defendants contend that dismissal is proper because plaintiff's refusal to take Insulin endangered himself, and his claim is based on nothing more than disagreement with his health care providers concerning the proper treatment for his condition. At this stage of the case, however, it is not clear beyond doubt that plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief.

## 3. Retaliation

The motion to dismiss the retaliation claims is denied. To state a claim for retaliation, plaintiff must make non-conclusory allegations showing that he was subjected to adverse action because he engaged in protected speech or conduct. See

Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004). Complaints are protected conduct, cf. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996), as is the exercise of the right to refuse medical treatment, cf. Pabon, 459 F.3d at 246. Retaliatory conduct is adverse if it "would deter a similarly situated individual of ordinary firmness" from the exercise of his constitutional rights. Pidlypchak, 389 F.3d at 381(internal quotations omitted). Plaintiff's retaliatory transfer to and confinement in a medical facility while being deprived of meals sufficiently states an adverse action. See Morales v. Mackalm, 278 F.3d 126, 131-32 (2d Cir. 2002)(finding transfer to psychiatric facility sufficient on motion to dismiss to constitute adverse action under a retaliation analysis), abrogated on other grounds by Porter v. Nussle, 534 U.S. 516 (2002). And the filing of a false disciplinary report resulting in institutional transfer may constitute adverse action. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).

### 4. Failure to Protect

The motion to dismiss the failure to protect claim is denied. To establish a constitutional violation, plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm," and that prison officials showed "deliberate indifference" to his safety. See Farmer v.

Brennan, 511 U.S. 825, 834 (1994). A prison official possesses culpable intent to support a claim of deliberate indifference if he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't Of Corrections, 84 F.3d 614, 620 (2d Cir. 1996). Plaintiff alleges that he informed Captain Frey on three occasions before June 8, 2005, that he felt threatened by his cellmate, but Captain Frey refused to move him to another cell. This is sufficient to withstand the motion to dismiss.

    C. Personal Involvement

        1. Defendant Antico

The motion to dismiss the action against defendant Antico is granted. Plaintiff has failed to allege any acts or omissions on the part of this defendant and thus has failed to adequately allege his personal involvement in any of the alleged wrongs. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

        2. Defendants Lantz and Strange

The motion to dismiss the action as to defendants Lantz and Strange is granted in part. Plaintiff alleges that he asked these defendants to arrange for return of his personal property, which he claimed had been stolen by defendant Chevalier. According to the plaintiff, they ignored his requests, then transferred him to another facility based on a disciplinary

report issued by Chevalier, which they knew to be false. As discussed earlier, these allegations are sufficient to state a claim for retaliation. However, plaintiff's allegations do not support a claim against these defendants with regard to any of the other alleged wrongs. With regard to those matters, there is no allegation that either of these defendants was grossly negligent or deliberately indifferent, nor any allegation of an "affirmative causal link between [their] inaction and [his] injury" as required to support a theory of supervisory liability. Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

    D. Qualified Immunity

The motion to dismiss based on qualified immunity is denied. "[A] qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . the defense faces a formidable hurdle when advanced on such a motion and is usually not successful." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 191-92 (2d Cir. 2006)(internal quotations omitted). This case is no exception. Defendants have not shown that, accepting plaintiff's allegations as true, their conduct must be deemed objectively reasonable.

III. Conclusion

Accordingly, the motion for leave to amended [doc. # 28] is hereby granted, and the motion to dismiss [doc. # 20] is granted

in part and denied in part.

_____/s/_____
Robert N. Chatigny
United States District Judge